Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed
March 10, 2009








Petition
for Writ of Mandamus Dismissed and Memorandum Opinion filed March 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00182-CR

 

IN RE MICHAEL E. SMITH, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
February 24, 2009, relator, Michael E. Smith, filed a petition for writ of
mandamus in this Court.  See Tex. Gov=t Code Ann '22.221 (Vernon 2004); see also
Tex. R. App. P. 52.1.  In his petition, relator asserts his conviction is
unconstitutional because the respondent, the Honorable Mary Lou Keel, presiding
judge of the 232nd District Court of Harris County, abused her discretion by
denying his motion for new trial on material evidence, violating Brady v.
Maryland, 373 U.S. 83, (1963), denying his motion for a hearing on newly
discovered evidence, not trying him in accordance with Texas law, and
subjecting him to double jeopardy.  Relator further complains he received
ineffective assistance of counsel.  Relator requests an evidentiary hearing for
the resolution of controverted facts.  








Relator
seeks post-conviction habeas relief.  Although courts of appeals have
jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has
jurisdiction over matters related to final post-conviction felony proceedings. 
Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App.
1991) (orig. proceeding).  This includes assertions of void convictions.  See
In re Walid, No. 08-04-00345-CR, 2004 WL 3017293, at *1 (Tex. App.CEl Paso Dec. 16, 2004, orig.
proceeding) (not designated for publication) (holding court of appeals did not
have authority to compel trial court to set aside judgment of conviction, which
relator asserted was void).  We do not have jurisdiction over relator=s requested relief.  

Relator
has also named the Harris County District Attorney=s Office, the State=s Attorney for the 232nd District
Court, the Harris County Adult Probation Department, the Adult Probation
Officer for the 232nd District Court, and the drug screening services used by
the 232nd District Court as respondents to this original proceeding.  A court
of appeals has the authority to issue writs of mandamus against a judge of a
district or county court in the court of appeals= district and all writs necessary to
enforce its jurisdiction.  Tex. Gov=t Code Ann. ' 22.221(b).  None of the additional
named respondents is a district or county court judge and relator has not shown
that the exercise of our mandamus authority against these respondents is
necessary to enforce our jurisdiction.  Therefore, we have no authority to
issue a writ of mandamus against these respondents.  

Accordingly,
relator=s petition is ordered dismissed for
lack of jurisdiction.  

 

PER
CURIAM

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).